SMITH, APPELLANT, *v.* BODLE, CITY TAX COMMR., APPELLEE, ET AL.

[Cite as Smith v. Bodle (1970), 22 Ohio App. 2d 44.]

(No. 6368—Decided January 7, 1970.)

*Messrs. Alpeter, Diefenbach, Davies, Koerber & Lewis,*
for appellant.

*Mr. William R. Baird,* director of law, and *Mr. Alvin C. Vinopal,* for appellee.

HUNSICKER, P. J. In this appeal on questions of law, complaint is made that a judgment notwithstanding the verdict of a jury was erroneously rendered in favor of the appellee, Russell Bodle, by the Common Pleas Court of Summit County.

Russell Bodle is, and was at the time of the acts herein set forth, the Tax Commissioner of the city of Akron.

The appellant, Sidney G. Smith, is a resident of the city of Akron, who, admittedly, failed to file a return or a declaration of tax as required by the Akron income tax ordinance. It is admitted that he did not pay the tax required to be paid under that ordinance or explain why such tax was not paid.

On March 27, 1967, Bodle filed an affidavit charging Smith with the criminal offense set out in the ordinance of failing to file his 1964 declaration of tax due under the income tax ordinance of the city of Akron. Smith was ordered arrested; then taken to jail by his attorney; booked at the jail; and released on his own recognizance. Counsel for Smith demurred to the criminal charge, alleging that the statute of limitations for a violation of an ordinance had expired. See: Section 1905.33, Revised Code. The city ordinance provided a ten-year period of limitations, whereas the state statute fixed a one-year period. The demurrer was sustained, and the charge was dismissed. That judgment was later affirmed by the Court of Appeals and by the Supreme Court of Ohio. *Akron* v. *Smith,* 14 Ohio St. 2d 247.

Smith, thereafter, filed the instant action and, by a second amended petition containing two causes of action, asked for compensatory and punitive damages for malicious prosecution in the first cause of action. In the second cause of action, no other facts are alleged, so we consider the action as one for malicious prosecution only.

At the trial of the action, the jury returned a verdict in favor of Smith in the sum of $950. This verdict was set aside by the trial judge, who said, in the judgment entry, that he should have "directed a verdict for reasonable minds could not draw but one conclusion, viz.: that Bodle did have probable cause and acted without malice."

Sidney G. Smith, through his counsel, now says that the trial court erred: first, in submitting a special interrogatory to the jury; second, in weighing the evidence on the motion for judgment notwithstanding the verdict; and third, a general verdict for the plaintiff, in a case involving a cause of action in false arrest and one of malicious prosecution, cannot be overturned solely for lack of malice, as that is an element only as to malicious prosecution.

The assignment of error set out on page one of the brief peculiarly says that: "The orders of the Court of Appeals of Summit County entered April 16, 1969, should be reversed because of the errors therein, to wit: they are contrary to law." We are certain this assignment refers to the order of the Court of Common Pleas.

The special interrogatory here asked the jury, if they found malice, to state "in what way did * * * Russell R. Bodle * * *[act] maliciously?" The answer to this interrogatory said, in effect, that Bodle did not help Smith enough in the problem he had with his tax matter.

We think the interrogatory was proper. We think that Section 2315.16, Revised Code, provides for the answer to an interrogatory such as we have here. The interrogatory is in response to a claim of malicious acts said to have been performed by Bodle, which allegations were denied in the answer. The interrogatory herein is similar to those used in personal injury cases based on a claim of negligent operation of a motor vehicle. We find no error in the submission of the interrogatory.

We agree with counsel that, on a motion for judgment notwithstanding the verdict, the trial court may not weigh the evidence where there is a conflict in such evidence; but where, as here, there is no evidence to sustain the claim of the appellant, the court has the duty to rend-

er judgment accordingly. There was no duty on the part of Bodle to offer Smith any help. The record here is that Smith did all in his power to avoid complying with the law, and now says that the city officials should have helped him solve a problem that was peculiarly his own. The conduct of Bodle, as found by the jury, was not and could not be malicious. Bodle did what he was required to do— secure compliance with the law of the city of Akron, whose servant he was. The trial judge did not commit error in concluding that the answer of the jury, and the evidence adduced, did not create liability against the Tax Commissioner.

We pass now to the question of the claimed cause of action for malicious prosecution, and the claim that a second cause of action sets out an allegation for false arrest. It should be noted that there are no additional allegations in the second cause of action in the second amended petition. There was no pleading in the alternative to show that the claims were to be based on two different acts of Bodle: malicious prosecution or false arrest. The record before us shows that Smith was a most peculiar witness, either deliberately feigning ignorance, or cleverly trying to shift the burden of his problem onto Bodle. It is certain that when Smith was placed under arrest the law of the city was violated by him. The tax ordinance was a valid enactment of the city of Akron, and its officials were required to abide by that law as long as it remained as an ordinance. It must be presumed to be valid until declared otherwise, and a false arrest claim in such a situation does not lie.

The rules with respect to false arrest, and false imprisonment, are treated together in most text books. See: False Imprisonment, 23 Ohio Jurisprudence 2d 405; 32 American Jurisprudence 2d 69.

In 23 Ohio Jurisprudence 2d 411, Section 8 (False Imprisonment), the text writer says:

"Occasionally, the problem arises as to whether or not a detention under the authority of an act subsequently declared invalid will support an action for false imprison-

ment. The general rule is that an individual who is arrested under an unconstitutional statute or ordinance may not maintain an action for false imprisonment against the officials for such arrest, where the officers proceed in good faith and in an honest belief in the validity of the enactment. An arresting officer is not bound to act or not act under the possibility that a law by virtue of which he makes an arrest may be declared unconstitutional. * * * ''

The similarity of the problem above discussed to the situation of Bodle in the instant case is readily apparent. See, also: 13 A. L. R. 1363; 55 A. L. R. 284; and 173 A. L. R. 813, for a discussion of this doctrine of immunity, as it applies to judicial officers.

We believe that logic requires a determination that Bodle, while acting under an ordinance that had not yet been declared invalid, cannot, under the circumstances herein, be deemed guilty of false arrest or malicious prosecution.

Nowhere in the tax ordinance is there any requirement that Bodle shall render assistance to a taxpayer who refuses, as did Smith, to secure a report of his earnings so that a proper filing of such report may be made by the taxpayer. The answer of the jury that said the failure to help Smith amounted to malicious conduct is a nullity, and amounts to a determination that no malice did in fact exist.

As we read the testimony taken at the trial, we conclude there is no credible evidence to show either a false arrest or a malicious prosecution of Smith.

The judgment must be affirmed.

*Judgment affirmed.*

DOYLE and BRENNEMAN, JJ., concur.